2001 ME 152

**James MORISSETTE**

v.

**Elizabeth SOMES.**

Supreme Judicial Court of Maine.

Argued: Sept. 12, 2001.

Decided: Nov. 1, 2001.

Peter S. Plumb, Esq., Michael D. Traister, Esq. (orally), Murray Plumb & Murray, Portland, for plaintiff.

Robert J. Ringer Jr., Esq. (orally), Jabar Batten Ringer & Murphy, Waterville, for defendant.

Panel: WATHEN, C.J.,* and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Elizabeth Somes appeals from a judgment of the Superior Court (Kennebec County, *Studstrup, J.*) denying her counterclaims and entering judgment for James Morissette on his complaint for declaratory and injunctive relief and damages regarding a right of way, belonging to Somes, that extends across his property. Somes contends that the court erred in: (1) prohibiting her from improving the right of way; (2) determining that she committed common law trespass in stripping sod from the right of way; (3) award-

ing $4933 in damages for common law trespass; and (4) awarding treble damages and attorney fees against her, pursuant to 14 M.R.S.A. § 7552 (Supp.1995), for the cutting of a tree. We vacate and amend the § 7552 award. In all other respects, we affirm.

## I. CASE HISTORY

[¶ 2] Elizabeth Somes and James Morissette own lots adjacent to Messalonskee Lake in Sidney. Somes acquired her lot and the camp situated on it in 1957. Morissette acquired his lot in February 1996. Somes's lot is accessed by a deeded right of way, approximately eight feet wide, passing across Morissette's lot from a camp road. The right of way stated in Somes's deed is as follows:

Together with the use of a right of way in common with others, over and across premises of one Cowan along the road as already laid out from the Pond Road, so called, to the lot hereby conveyed, said right of way to be used by said grantees, their heirs and assigns forever.[1]

[¶ 3] In the spring of 1996, Morissette began constructing a home on his lot. In the course of construction, Morissette planted a new lawn in front of his home which rendered Somes's right of way invisible. Morissette also erected a stone retaining wall and a fence that interfered with Somes's access to her right of way. In the course of construction, Morissette trespassed onto Somes's property cutting trees and vegetation.

[¶ 4] Somes brought an action against Morissette to prohibit interference with

---

* Wathen, C.J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

1. The right of way was intended to serve as access for three adjacent camp lots. However, the owner of the furthest of the three lots now accesses his property from another direction, and the owner of the middle lot constructed a road in 1949, which is presently used for access to that lot.

her right of way and recover damages for the right of way obstruction and trespass and tree cutting on her property.

[¶ 5] On May 19, 2000, the Superior Court entered a judgment which: (1) determined that Somes's right of way was as indicated in a 1999 survey; (2) prohibited Morissette from interfering with Somes's right of way; (3) determined that Morissette's retaining wall encroached upon Somes's right of way and required that he move it; (4) awarded Somes double damages, totalling $13,110, pursuant to 14 M.R.S.A. § 7552 (Supp.2000) for negligent trespass and cutting of trees and vegetation on Somes's property; (5) awarded trespass damages of $300 for improper placement of the retaining wall; and (6) awarded Somes $5000 toward her attorney fees based on the finding of the § 7552 violation. In its findings supporting this judgment, the court determined that Somes's right of way was "a very humble thoroughfare" of "two ruts or worn down areas with grass growing between them."

[¶ 6] After the May 19, 2000, judgment, which was not appealed, it appears that neither party took any action to further identify the right of way on the face of the earth or remove the obstruction which the court had found to exist. Morissette planted several trees in or near Somes's right of way established in the May judgment. Somes's relatives engaged in an act of self-help by entering Morissette's property, removing a tree, bulldozing a path across Morissette's front lawn, and placing gravel where a sodded lawn had previously existed. Morissette then commenced the action which led to this appeal.

[¶ 7] After a trial, which incorporated the entire record of the previous proceeding, the court entered a judgment which: (1) found a common law trespass in the bulldozing of a portion of Morissette's lawn; (2) awarded $4933 as damages to

support resodding of the bulldozed area; (3) barred Somes from crossing the resodded area for six weeks; (4) found that Somes acted "willfully" in cutting a tree on Morissette's property in the vicinity of the right of way; and (5) awarded $200 in damages, tripled to $600, plus $3500 in attorney fees pursuant to 14 M.R.S.A. § 7552.

[¶ 8] The net monetary effect of the award was to return to Morissette approximately half of the damages and attorney fees he had previously been ordered to pay to Somes. From this action, Somes filed this appeal.

## II. DISCUSSION

[¶ 9] Somes contends that her action in entering and removing the sod from Morissette's lawn was necessary to facilitate access to her property along the right of way determined by the court. However, nothing in the record suggests that, at any time, Somes's right of way was an improved, graveled roadway. What the court found in its May judgment was, in essence, that Somes had a right of way to traverse grass or a lawn on Morissette's property. The right of way that was found could have been maintained by driving vehicles across the Morissette lawn without the further improvements attempted by Somes.

 [¶ 10] The Superior Court determined, pursuant to *Davis v. Bruk*, 411 A.2d 660 (Me.1980), that Somes's effort to place gravel on the right of way would be a "material change in the surface of the right of way creating an added burden on the Morissette estate." The reasonableness of improvements or repairs made by the owner of the dominant estate on an easement for a right of way is a question of fact for the trial court. *Hultzen v. Witham*, 146 Me. 118, 125, 78 A.2d 342,

345–46 (1951). Accordingly, the trial court did not err in finding that Somes's effort to replace sod with gravel would unreasonably burden Morissette's estate and that Somes's actions constituted an improper, unilateral material change in the right of way. With this finding made, the court also did not err in finding that restoration of the grass was appropriate to return Morissette's lawn and the right of way to the condition most nearly similar to the nature of the right of way that the court had previously found to exist. These findings support the court's determination that Somes engaged in a common law trespass. *See Reed v. A.C. McLoon & Co.*, 311 A.2d 548, 552 (Me.1973) (stating that "excessive use of the easement created by the deed is a trespass").

■ [¶ 11] Beyond challenging the common law trespass finding, Somes also challenges the reasonableness of the $4933 damage award. We have stated that a damage award will not be disturbed unless there is no basis in the record to support it and that reasonableness, not mathematical certainty, is the criteria for determining whether damages are awarded appropriately. *Jenkins, Inc. v. Walsh Bros., Inc.*, 2001 ME 98, ¶ 18, 776 A.2d 1229, 1235–36. Morissette's damages witness stated that the costs that he projected for lawn replacement were principally for the area stripped within the right of way. He also stated that some costs were for damages to other areas affected by tire tracks incidental to stripping the right of way area. The trial court did not err in awarding damages based on Morissette's witness's rough estimate of lawn repair and replacement costs where it was indicated that the repair and replacement cost for areas outside the stripped right of way were minimal.

[¶ 12] While the damages for resodding were based on a finding of common law trespass, the award of treble damages and attorney fees incident to cutting the tree appears to have been based on 14 M.R.S.A. § 7552 (Supp.1995). Section 7552(2)(A) (Supp.2000) provides that, without permission of the owner, a person may not "[c]ut down, destroy, damage or carry away any forest product, ornamental or fruit tree, agricultural product, stones, gravel, ore, goods or property of any kind from land not that person's own ...." Section 7552(4)(B) provides that a person who "intentionally or knowingly violates subsection 2 is liable to the owner for 3 times the owner's damages as measured under subsection 3 or $500, whichever is greater." Section 7552(5), as amended in 1996, limits recovery for attorney fees and other professional services to an amount that "may not exceed 50% of the damages recovered pursuant to subsection 4 plus interest on the damages."

[¶ 13] The court appears to have relied on an earlier version of § 7552, before its revision [2] in 1996, although neither party raises this issue on appeal. Section 7552 formerly stated that "[i]f such an act or such acts are committed *willfully* or knowingly, the defendant is liable to the owner in treble damages, and, in addition, for the cost of any professional services necessary for the determination of damages, for attorney's fees, and for court costs." 14 M.R.S.A. § 7552 (Supp.1995) (emphasis added). In its order, the court found:

> It is difficult to determine from the evidence whether the tree Somes had taken down was actually in the right-of-way as located on the Wendell Survey. Whether or not it was in the right-of-way, it was not in the area that Somes had

2. *See* P.L.1995, ch. 450, § 2 and P.L.1995, ch. 585, §§ 2–4 which adopted the basic form of § 7552, effective July 4, 1996, as it exists today.

begun using as the right-of-way and was taken down without warning or notice to Morrissette.

The court further stated:

> The court also concludes that by pulling down the tree on Morrissette's property, Somes violated 14 M.R.S.A. § 7552 (count IV). The statute provides several alternatives for measuring damages, but the only evidence on the subject was that the tree would cost $200 to replace. Since this action was taken "willfully," Morrissette is entitled to treble damages or $600. Morrissette is also entitled to payment of that portion of his attorney's fees attributable to the statutory violation. The court finds that portion to be $3,500.

Thus, the record indicates that the trial court quoted the "willful" language from the prior version of § 7552, rather than the present "intentional and knowing" language. The court also apparently relied on the unlimited attorney fees provision in the prior law. Somes objects to the tree cutting and attorney fees award, but does not address reliance on the older version of § 7552. Accordingly, we must determine whether the court clearly erred in finding that Somes's willful conduct violated § 7552 and in its award of attorney fees. *See Lamson v. Cote*, 2001 ME 109, ¶ 10, 775 A.2d 1134, 1137 ("[w]e review the court's application of law for clear error"); *Tremblay v. DiCicco*, 628 A.2d 141, 144 (Me.1993) (stating, under prior version of the statute, that "[t]he determination by the trial court as to whether conduct is willful or knowing within the meaning of § 7552 is a question of fact and will not be set aside unless clearly erroneous").

[¶ 14] Under the prior version of the statute, we stated that "willfully" under § 7552 requires a lesser degree of culpability than "knowingly" but embraces conduct which displays utter and complete indifference to and disregard for the rights of others. *Bonk v. McPherson*, 605 A.2d 74, 77 (Me.1992); *Accord Glidden v. Belden*, 684 A.2d 1306, 1319 (Me.1996).

■ [¶ 15] Here the evidence indicates that after the *Somes v. Morissette* judgment, Morissette planted the tree in an area that the trial court could not determine to be inside or outside of the right of way that it had recently determined Somes had a right to use and could use but for Morissette's obstructions. In these circumstances, Somes's conduct cannot be found to display utter and complete indifference to and disregard for the rights of others, the "willfulness" standard, and certainly not the greater culpability required for a knowing or intentional finding. The trial court's finding that Somes acted "willfully" was clear error and must be vacated. Thus, Morissette is not entitled to treble damages pursuant to § 7552(4)(B).

■ [¶ 16] Morissette may recover the damages allowable for Somes cutting a tree on Morissette's land without permission, violating § 7552(2)(A), but with damages measured according to the negligent or without fault standard of § 7552(4)(A). That standard allows double damages, here $400, plus attorney fees pursuant to § 7552(5). By operation of § 7552(5) (Supp.2000), the award of attorney fees is limited to $200, fifty percent of the $400 damages award. The award of $3500 for attorney fees was not authorized by the governing statute.

The entry is:

Judgment vacated. Remanded to the Superior Court to recalculate the damages and attorney fees awarded pursuant to 14 M.R.S.A. § 7552 in accordance with this opinion. In all other respects the judgment is affirmed.