2006 ME 100

**Rosalie FUSCHETTI**

v.

**John P. MURRAY.**

Supreme Judicial Court of Maine.

Argued: June 12, 2006.
Decided: Aug. 16, 2006.

Lee H. Bals, Esq. (orally), Marcus, Clegg & Mistretta, P.A., Portland, for plaintiff.

Christopher B. Ledwick, Esq. (orally), Douglas, Denham, Buccina & Ernst, P.A., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

DANA, J.

[¶ 1] Rosalie Fuschetti appeals from a judgment entered in the Superior Court (Cumberland County, *Warren, J.*) ordering John P. Murray to pay statutory and common law damages for trees he cut down on her property. She argues that the court erred in concluding that the cost for re-planting and restoring the trees is not an appropriate measure of damages pursuant to 14 M.R.S. § 7552(3) (2005). Murray cross-appeals, arguing that the court erred

in awarding both statutory and common law damages for the same injury. Because we disagree with Fuschetti, and agree with Murray, we vacate and remand to the Superior Court for recalculation of costs.

## I. BACKGROUND

[¶ 2] The facts are undisputed. In the spring of 2002, Murray, in order to improve his view, cut down and damaged trees on Fuschetti's property. Later that year, Fuschetti's lawyer sent Murray a letter indicating that Fuschetti would be commencing an action against Murray pursuant to 14 M.R.S. § 7552 (2005).[1] Thereafter, the State also brought an action against Murray pursuant to 17 M.R.S. § 2510 (2005),[2] and, in partial resolution of the State's action, Murray was required to

---

1. Title 14 M.R.S. § 7552 (2005) provides, in pertinent part:

§ 7552. **Injury to land, forest products or agricultural products.**

. . . .

2. **Prohibitions.** Without permission of the owner a person may not:

A. Cut down, destroy, damage or carry away any forest product, ornamental or fruit tree . . . or property of any kind from land not that person's own.

. . . .

3. **Measure of Damages.** This subsection governs the measurement of damages resulting from a violation of subsection 2.

A. When . . . forest products have been destroyed or carried away, the owner may recover as damages either the value of the lost products themselves or the diminution in value of the real estate as a whole resulting from the violation, whichever is greater.

B. For lost trees, the owner may claim *in lieu of market value the forfeiture amounts* determined in Title 17, section 2510, subsections 2 and 3. . . .

. . . .

4. **Damages recoverable.** Damages are recoverable as follows.

. . . .

B. A person who intentionally or knowingly violates subsection 2 is liable to the owner for 3 times the owner's damages as measured under subsection 3 or $500, whichever is greater.

. . . .

5. **Costs and fees.** In addition to damages, interest and costs, the owner may also recover from the person who violates subsection 2 the reasonable costs of professional services necessary for determining damages and proving the claim, provided that the person first has written notice or actual knowledge that a claim is being asserted.

The amount awarded for professional services may not exceed 50% of the damages recovered pursuant to subsection 4 plus interest on the damages. Interest may be assessed after service of a notice of claim pursuant to section 1602.

6. **Offer of settlement.** At any time after the violation but more than 10 days before trial begins, the person who violated subsection 2 may make a written offer to settle the owner's claim.

. . . .

C. If the owner does not accept the offer, the owner may not recover any interest, costs or professional fees incurred following the date of the offer unless the owner later proves that the value of the claim, at the time the offer was made, exceeded the amount of the offer.

. . . .

8. **Other actions barred.** A recovery from a defendant under this section bars an action to recover damages under section 7551–B from that defendant for the same specific damage.

(Emphasis added.)

2. Title 17 M.R.S. § 2510 (2005) provides, in pertinent part:

§ 2510. **Unlawful cutting of trees**

1. **Unlawful cutting.** Any person who in fact cuts down or fells any tree without the consent of the owner of the property on which the tree stands commits a civil violation for which the forfeitures provided in this section may be adjudged. . . .

. . . .

2. [This section outlines the forfeiture amounts, which are dependent upon the diameter of each tree that was cut or felled.]

. . . .

pay, and paid, $5306 in restitution to Fuschetti.

[¶ 3] In January 2004, Fuschetti filed her complaint seeking damages pursuant to 14 M.R.S. § 7552. Previously, Murray had made a $6500 offer of judgment in Fuschetti's promised private action, which Fuschetti rejected. After discovery, Murray moved for summary judgment, which the court denied. At the same time, Fuschetti and Murray each moved to exclude the other's expert testimony. The motions were directed to the issue of the appropriate measure of damages pursuant to 14 M.R.S. § 7552. As a result, the court determined that the costs for replanting and restoring the trees on Fuschetti's property were not an appropriate measure of damages pursuant to 14 M.R.S. § 7552(3). The court concluded, however, that Fuschetti could potentially recover those costs at common law, and suggested that Fuschetti amend her complaint to add a common law trespass claim. Fuschetti did so, and the case proceeded to a jury trial on both the common law and statutory trespass claims.

[¶ 4] The parties stipulated that Murray committed a trespass and destroyed or damaged trees on Fuschetti's property. They also agreed on the number and diameters of the trees that Murray had wrongfully cut down, for the purpose of calculating forfeiture damages pursuant to 14 M.R.S. § 7552(3)(B) and 17 M.R.S. § 2510(2). Two issues remained for the jury: (1) whether Murray's trespass was intentional or knowing (for the purpose of calculating damages pursuant to section 7552(4)); and (2) the amount of any resto-ration costs (for the purpose of measuring damages under the common law claim). The jury found that (1) Murray acted intentionally or knowingly; and (2) the restoration costs totaled $5306.

[¶ 5] In its post-trial order the court concluded that pursuant to 14 M.R.S. § 7552(3) "damages may be sought in the alternative for (1)[the] value of the lost trees (stumpage value), (2)[the] loss in the overall value of the property, or (3)[the] forfeiture value under 17 M.R.S. § 2510." Because Fuschetti did not present any evidence at trial as to stumpage value or as to the loss in the overall value of the property, the court considered only the forfeiture value of the trees in its analysis of Fuschetti's statutory claim. Pursuant to section 7552(3)(B) and 17 M.R.S. § 2510(2), the court awarded Fuschetti forfeiture damages totaling $1075, which it trebled to $3225 pursuant to section 7552(4)(B), plus prejudgment interest of $193.50 and professional fees of $1709.25, for a total of $5127.75. The court concluded that under her common law trespass claim, Fuschetti was entitled to recover $5306 for replanting and restoring her trees. Overall, Fuschetti was awarded $10,433.75, which was reduced by the $5306 Murray had already paid to Fuschetti as a result of the State action.[3] This left Fuschetti with a net recovery of $5127.75, less than she had been offered in the $6500 offer of judgment.

## II.  SECTION 7552 DAMAGES

■ [¶ 6] Fuschetti contends that the court erred in concluding that the costs of

4. **Restitution.** The court shall inquire of the prosecutor or the owner of the property on which the tree was cut down or felled the extent of the owner's financial loss. With the owner's consent, the court shall order restitution when appropriate on the basis of an adequate factual foundation. . . .

3. Restitution paid pursuant to 17 M.R.S. § 2510 "must be deducted from the amount of any judgment awarded in a civil action brought by the owner against the offender based on the same facts." 17 M.R.S. § 2510(4).

replanting and restoring the property are not recoverable pursuant to 14 M.R.S. § 7552(3). Specifically, she argues that section 7552 does not limit the value of lost products to the stumpage value of the trees and should include the costs of replanting and restoring. She contends that our decisions in *Stockly v. Doil,* 2005 ME 47, 870 A.2d 1208; *Morissette v. Somes,* 2001 ME 152, 782 A.2d 764; and *Leavitt v. Continental Telephone Co. of Maine,* 559 A.2d 786 (Me.1989), support her position that replacement and restoration costs are recoverable as an element of damages pursuant to section 7552.

[¶ 7] These earlier cases are all distinguishable. In *Stockly,* the trial court found the defendant liable pursuant to section 7552 as well as 14 M.R.S. § 7552–A (2005),[4] but refused to consider evidence of the plaintiff's cleanup costs as an element of damages. 2005 ME 47, ¶¶ 1, 8–9, 24, 870 A.2d at 1209–11, 1215. We concluded that the defendant was not liable pursuant to section 7552, vacated the portion of the judgment based on that provision, and did not reach the question of whether restora-

tion costs are available pursuant to section 7552. *Id.* ¶ 21, 870 A.2d at 1215.[5]

[¶ 8] In *Morissette,* the trial court (1) determined that the defendant committed common law trespass when she stripped sod from the plaintiff's lawn; (2) awarded damages for the common law trespass claim based on the cost of resodding the lawn area; and (3) awarded treble damages pursuant to section 7552 for a tree that the defendant had cut down. 2001 ME 152, ¶¶ 1, 7, 782 A.2d at 765–66. The damages recovered pursuant to section 7552 were based on the replacement cost for the lost tree. *Id.* ¶ 13, 782 A.2d at 768. We vacated and amended the section 7552 award because the trial court measured the damages according to a willful standard rather than a negligent or without fault standard. *Id.* ¶¶ 13, 15–16, 782 A.2d at 768. Although we upheld the use of the replacement cost of the tree as an appropriate measure of section 7552 damages, the defendant had not challenged the measure of damages, and we analyzed the case pursuant to an old version of section 7552.[6] *Id.* ¶¶ 13, 16, 782 A.2d at 767–68. The language of section 7552 before its

4. Title 14 M.R.S. § 7552–A (2005) provides:

> Any person who authorizes the cutting of timber or wood on the person's own property, when the cutting involves an area of 10 or more acres, shall clearly mark any property lines that are within 200 feet of the area to be cut. If any such person fails to clearly mark such property lines and if the person or persons who are authorized to cut then cut timber or wood on abutting land without the authorization of the owner of that land, the person who failed to mark the person's property lines is liable in a civil action, in double damages, to that owner of the abutting land. These damages are in addition to any damages to which the owner of the abutting land may be entitled under section 7552.

5. In *Stockly,* we also indicated that claims for damage to land, such as cleanup costs that are separate from costs for restoration or

damage to trees, "are recoverable as an element of damages pursuant to section 7552–A." *Stockly v. Doil,* 2005 ME 47, ¶ 24, 870 A.2d 1208, 1215.

6. Before its revision in 1996, *see* P.L.1995, ch. 450, § 2 (effective Sept. 29, 1995), P.L.1995, ch. 585, §§ 2–4 (effective July 4, 1996), 14 M.R.S.A. § 7552 (Supp.1994) provided for the recovery of treble damages, but referred to damages generally rather than enumerating the recoverable damages. It provided in part:

> Whoever cuts down, destroys, injures or carries away any ornamental or fruit tree ... from land not that person's own, without license of the owner, ... is liable in *damages* to the owner in a civil action. If such an act or such acts are committed willfully or knowingly, the defendant is liable to the owner in treble damages ....

14 M.R.S.A. § 7552 (Supp.1994) (emphasis added).

revision did not enumerate the damages recoverable as it does in its current form; rather, it referred generally to "damages." *See* 14 M.R.S.A. § 7552 (Supp.1994).

[¶ 9] Finally, in *Leavitt*, we concluded that the trial court erred by refusing to admit evidence of the restoration costs for ornamental trees that were cut during a trespass. 559 A.2d at 787–88. That case is distinguishable from the instant case because, as in *Morissette*, the applicable statute was also an earlier version of section 7552, which provided for the recovery of "damages" generally. *Id.* at 787 n. 1.

[¶ 10] Section 7552, in its current form, does not allow for the recovery of costs for replanting and restoring trees. Section 7552(3)(B) authorizes, *inter alia*, forfeiture damages, and the court was correct to limit Fuschetti's recovery to the statutory forfeiture amounts.

### III. COMMON LAW RECOVERY

■ [¶ 11] On cross-appeal, Murray contends that the court erred in awarding Fuschetti common law damages for the same tree damage. We agree.

■ [¶ 12] We have stated that "the plain language of 14 M.R.S.[ ] § 7552 indicates the Legislature's intention to occupy the field entirely ...." *Stockly*, 2005 ME 47, ¶ 10, 870 A.2d at 1211. Therefore, the statute replaces the common law with respect to damage to trees from a trespass.

[¶ 13] There are no cases in which we have upheld the recovery of both statutory and common law trespass damages for the same tree damage. When we have upheld the award of both section 7552 and common law trespass damages, the common law damages have been awarded to redress injuries other than injury to trees. For example, in *Morissette*, we did not disturb the award of both common law trespass and statutory damages, but the common law trespass damages were awarded to restore the lawn and the section 7552 damages were for the destruction of a tree. 2001 ME 152, ¶¶ 7, 16, 782 A.2d at 766, 768.[7]

[¶ 14] We conclude that Fuschetti was not entitled to recover both statutory and common law damages for the same loss. Therefore, we vacate that portion of the judgment awarding her common law trespass damages.

### IV. INTEREST AND COSTS

■ [¶ 15] Because the common law claim is vacated, the value of Fuschetti's recovery is now less than the amount she recovered as a result of the State action. As the latter is an offset to any recovery here, Fuschetti takes nothing in this action. Because Fuschetti rejected Murray's

---

7. *See also Shrader–Miller v. Miller*, where we upheld the award of treble damages pursuant to section 7552 and punitive damages for common law trespass, noting that each measure of relief was awarded for *separate* damage. 2004 ME 117, ¶¶ 25–26, 855 A.2d 1139, 1146. The plaintiff was awarded statutory treble damages for tree damage and common law punitive damages because the defendant paved the plaintiff's lawn and disconnected her sewer pipe. *Id.* ¶¶ 10–11, 855 A.2d at 1142. We noted:

> Assuming that the statutory treble damages are a substitute for punitive damages for the intentional or knowing removal of agri-

cultural products from the land of another, it follows that it is improper to award both treble damages and punitive damages against a defendant for the destruction of such products. It does not follow that punitive damages cannot be awarded for conduct that is separate and distinct from the conduct regulated by the statute.

> ... Because the *treble damages were awarded for the [defendant's] conduct in removing the bushes and the punitive damages were awarded for the [defendant's] other conduct,* both awards can stand.

*Id.* ¶¶ 25–26, 855 A.2d at 1146 (emphasis added).

offer of judgment, we remand for reconsideration of interests and costs, including any costs to which Murray may be entitled pursuant to M.R. Civ. P. 68.[8]

The entry is:

Judgment vacated and remanded to the Superior Court for further proceedings consistent with this opinion.

---

8.  M.R. Civ. P. 68 outlines the consequences for the parties' costs when the value of a claim is less than a rejected offer of judgment.