STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: RE05-181 &
                                                  RE05-182

STATE OF MAINE
Cumberland, ss. Clerk's Office
SUPERIOR COURT

MAR 2 2007

RECEIVED

MARY NOYES, et al.

            Plaintiffs

                                        ORDER ON PLAINTIFFS' AND
                                        DEFENDANTS' MOTIONS
                                        FOR SUMMARY JUDGMENT

    v.


JAMES SATTERTHWAITE, et al.

            Defendants


       This matter comes before the Court on Defendants' motion for summary

judgment on Count I, and Plaintiffs' cross-motion for summary judgment on

Count III of her complaint and on all counts of Defendants' complaint pursuant

to M.R. Civ. P. 56.

                              **BACKGROUND**

       Plaintiff Mary Noyes ("Noyes") resides on Bristol Island in Freeport,

Maine.  Plaintiffs Stanley Jacks Credit Shelter Trust and Barbara W. Jacks

Revocable Trust (collectively "the Jacks Trusts") own property in the same area

in Freeport.  Defendants James and Natica Satterthwaite ("the Satterthwaites")

reside in Freeport on property adjacent to Noyes's land.  Defendant Tidebrook

Conservation Trust ("TCT") owns a portion the land.  Since 1986, Noyes has

owned the Freeport property, and she has a deeded right of way ("ROW") across

the TCT and Satterthwaite property.  The ROW, a private road, connects the

Noyes property to a public road in Freeport.  In 1990, Noyes and the

Satterthwaites executed an easement relocation agreement, the purpose of which

                                    1

was to conform the legal description of the easement and ROW to its actual placement on the property.[1]

In Fall 2004, Noyes began construction of a new home on her property. At that time, she determined that the ROW needed maintenance and repair. To that end, she hired contractors to add gravel to the road, smooth the surface, and repair potholes. She notified the Satterthwaites each time the repairs were to occur, and each time, Mr. Satterthwaite blocked the private road with his vehicle. On all but one of those occasions, the Freeport Police ordered him to move it. On some of those occasions, contractors were unable to access Noyes's property and Noyes was unable to travel on the road to take her children to school. Mr. Satterthwaite explains that he obstructed the addition of gravel to the ROW because Noyes went beyond repairing it to improperly expanding its height and width. In December 2005, Noyes brought this lawsuit against the Satterthwaites for breach of contract and injunctive relief, seeking a declaratory judgment regarding her right to use and maintain the ROW. She also alleged breach of contract for violation of the 1990 easement relocation agreement. She later moved to join the Jacks trusts as plaintiff parties in interest, and this Court approved their joinder.

TCT and the Satterthwaites then filed a complaint against Noyes and the trusts, which in its latest form alleges trespass and nuisance, and seeks a declaratory judgment that Noyes cannot extend the height or width of the ROW, that vehicles traveling on the ROW must not exceed 15 miles per hour, and that

---

[1] The 1990 agreement was not recorded until 2000 in the Cumberland County registry of deeds at Deed Book 15608, Page 92.

there are reasonable limits on the use of the ROW. By agreement of the parties, this Court ordered consolidation of the two actions.

TCT and the Satterthwaites now move for summary judgment on Count I of its complaint for trespass. Noyes and the Jacks Trusts filed a cross-motion for summary judgment on all three counts of the Satterthwaite's complaint and on Count III of their own complaint, seeking a declaratory judgment.

## DISCUSSION

### 1. Summary Judgment Standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

### 2. Defendants' Motion for Summary Judgment on Count I - Trespass.

A common law trespass action is a proper vehicle for recovery for "wrongfully interfering with a person's possession of realty," and the analysis focuses on "improper entry" upon another person's land. *Harlow v. Pulsifer*, 122 Me. 472, 476, 120 A. 621, 624 (1923). Only minimal intent is required to establish

that a trespass occurred; specifically, one must show that the alleged trespasser purposefully entered the land or knew "to a substantial certainty" that her deed would cause "her physical presence on the land." *Gibson v. Farm Fam. Mut. Ins. Co.*, 673 A.2d 1350, 1353 (Me. 1996).

Maine law also provides a statutory remedy for trespass, which provides that, absent the landowner's permission, a person cannot "[c]ut down, destroy, damage or carry away any forest product, ornamental or fruit tree, agricultural product, stones, gravel, ore, goods or property of any kind from land not that person's own." 14 M.R.S. § 7552(2)(A) (2005). One can recover whether the statutory trespass was negligent, *Id.* at § 7552(4)(A), or "intentional and knowing," *Id.* at § 7552(4)(B). The Law Court has not permitted recovery for both statutory and common law trespass where the relief sought is for the same damage. *See Fuschetti v. Murray*, 2006 ME 100, ¶ 14, 903 A.2d 848, 852 (holding that a plaintiff could not recover under both statutory and common law trespass for tree damage). But, the Court upheld a trial court's allowance of recovery under both theories where the statutory damages were for cutting down a tree and the common law damages were for "bulldozing" part of the plaintiff's grass. *Morissette v. Somes*, 2001 ME 152, ¶ 7, 782 A.2d 764, 766.

Here, the Satterthwaites contend that Noyes committed a common law trespass by placing gravel outside the ROW, effectively widening it. Noyes, however, argues that summary judgment should be granted in her favor on this issue because there is no evidence to establish how any gravel ended up outside the right of way, and she did not intend for her contractor to place it there. She maintains that the gravel was placed in an 8 to 8.5-foot strip, well within the 12-foot ROW. Viewing the facts in the light most favorably to her, she did not intend

4

to enter the Satterthwaite's property other than within the right of way, to which she has a deeded right of access. Even if gravel was intentionally placed outside the right of way by her contractor, Noyes would not be liable for the contractor's act because she did not ratify it.[2]

Also, the Satterthwaites contend that by damaging nearby vegetation, Noyes violated § 7552(2)(A), constituting statutory trespass. There is insufficient evidence, however, from which this Court could conclude that there was any damage to vegetation, even viewing this issue favorably to the Satterthwaites. Summary judgment is therefore entered for Noyes on Count I for common law and statutory trespass pursuant to M.R. Civ. P. 56(c).

3.      Plaintiffs' Cross-Motion for Summary Judgment.

a.      Nuisance.

Having reached decision on the trespass claim, this Court now evaluates Plaintiffs' cross-motion for summary judgment on the remainder of the Satterthwaites' complaint. Count II alleges nuisance. To prevail on their nuisance claim, the Satterthwaites would have to establish that: (1) Noyes "acted with the intent of interfering with [their] use and enjoyment" of their property; (2) such interference actually occurred, even if the degree of interference could not have been predicted; (3) the resulting interference . . . and . . . physical harm, if any . . . proved to be substantial" such that the property value diminished because of it; and (4) "the interference . . . was of such a nature, duration, or

---

[2] *See Bonk v. McPherson*, 605 A.2d 74, 79 (Me. 1992) (holding that a person may only be held responsible for the acts of an independent contractor if he or she approved or later ratified the contractor's act, if it was "directed or part of a common purpose," or if the trespass "was the natural result of the work contracted to be done"). Here, Noyes only authorized placement of gravel within the right of way, and placement of gravel outside it, if it occurred, was not a natural result of the project.

5

amount" that it was "unreasonable." *Charlton v. Town of Oxford*, 2001 ME 104, ¶ 36, 774 A.2d 366, 377.

Viewing the facts most favorably to the Satterthwaites, this claim falls short of the threshold needed to establish nuisance. The evidence tends to show that Noyes intended to repair the road; she did not intend to interfere with the use and enjoyment of the property by the Satterthwaites. But even assuming that Noyes intended to interfere and actually did interfere with their use and enjoyment of their land by widening the ROW, the Satterthwaites have not established that there was an unreasonable level of interference or that the alterations to the ROW lowered the property's value. As a matter of law, they cannot prevail on the nuisance claim because they cannot prove all the essential elements of the tort. Given this, Noyes's cross-motion for summary judgment is granted on Count II of the Satterthwaites' complaint.[3]

b. Defendants' and Plaintiffs' Requests for Declaratory Judgment Regarding Use and Maintenance of the ROW.

Noyes moves for summary judgment on TCT and the Satterthwaites' action for declaratory judgment, as well as on her own Count III seeking declaratory judgment. Both motions will be assessed in the light most favorable to TCT and the Satterthwaites, as they are the non-moving parties.

"An action for declaratory judgment is appropriate for the determination of the validity . . . of a deed." *Colquhoun v. Webber*, 684 A.2d 405, 411 (Me. 1996)

---

[3] Noyes had argued that both the trespass and nuisance claims were barred by res judicata and/or collateral estoppel due to litigation in the 1970s between her predecessors in title and the Satterthwaites regarding maintenance of the ROW. Although there is privity between Noyes and her predecessor, Palmer, the easement was relocated in 1990. Therefore, while the cases bear some resemblance to each other, the issues are not technically the same and res judicata and collateral estoppel do not apply to bar this action.

(citations omitted). This is a long-recognized method by which a person can obtain "a binding judicial determination of [his or her] legal rights" in property. *Id.* In their complaint, the Satterthwaites seek a declaratory judgment that Noyes cannot extend the height or width of the ROW, that vehicles traveling on the ROW must not exceed 15 miles per hour, and that there are reasonable limits on the use of the ROW. In Noyes's complaint, she seeks a declaration that she is permitted to maintain and repair the ROW, that her actions thus far to repair it have been reasonable, that the Satterthwaites may not interfere with these activities, and for a general declaration of the parties' rights respecting the ROW.

Viewing the facts favorably to the Satterthwaites and TCT, Noyes's maintenance of the right of way has altered it to some degree. The parties agree that Noyes added gravel to the ROW; the central issue here is whether that alteration was reasonable, which is a genuine issue of material fact that remains in dispute. The Law Court has noted that reasonableness of alterations to an easement is a question of fact. *Morissette*, 2001 ME 152, ¶ 10, 782 A.2d 764, 766. Because the reasonableness of Noyes's alterations must be determined before a declaratory judgment can be issued, and this issue must be resolved by the trier of fact, summary judgment cannot be entered for either party on the reasonableness of the alterations to the ROW. The cross-motion for summary judgment on both parties' claims for declaratory judgment is denied.

The entry is:

(1) Defendants' motion for summary judgment on the trespass claim is DENIED. Summary judgment on the trespass claim is GRANTED in favor of Plaintiffs.
(2) Plaintiffs' cross-motion for summary judgment on the nuisance claim is GRANTED.
(3) Plaintiffs' cross-motion for summary judgment on both claims for declaratory relief is DENIED.

7

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _March 22, 2007_

Roland A. Cole
Justice, Superior Court

8

BARRY WOODS ESQ
ONE MONUMENT WAY
PORTLAND ME 04101

Jacks

C ALAN BEAGLE ESQ
PO BOX 7044
PORTLAND ME 04112

Satterthwaits

Noyes

MICHAEL HEALY ESQ
PO BOX 586
PORTLAND ME 04112