TDW

Hill v. Hirschberg, RE-08-240 (Superior Ct. Cumberland)

Before the court are cross motions for summary judgment. The issues primarily present questions of law.

Count I

With respect to count I of plaintiffs' second amended complaint, the dispute concerns whether plaintiffs may seek regeneration costs pursuant to 14 M.R.S. § 7552(3)(B). The court concludes that regeneration costs under 14 M.R.S. § 7552(3)(B) are only available with respect to trees that are being grown for commercial purposes. Thus § 7552(3)(B) provides that recovery may include "costs for regeneration of the stand in accordance with Title 12, section 8869." Section 8869 governs the regulation of "forest harvesting and liquidation harvesting." It is undisputed that the trees at issue in this case were not grown for the purpose of "harvesting." Regeneration costs are therefore not recoverable in this action.

Indeed, this court previously ruled in Fuschetti v. Murray, CV-04-32 (Superior Ct. Cumberland), order filed April 8, 2005, that the cost of replanting trees and restoring the property is not recoverable under §7552(3) unless commercial tree species are involved. The Law Court subsequently reversed a different aspect of the court's ruling in Fuschetti but it did not disturb the court's ruling with respect to the unavailability of regeneration costs when the trees are not being grown for commercial purposes. See Fuschetti v. Murray, 2006 ME 100, 903 A.2d 848.[1]

To the extent that plaintiffs argue that the unavailability of regeneration costs leaves them without a statutory remedy, that was an issue presented in Fuschetti and was part of this court's reasoning when it concluded that although the cost of replanting non-commercial trees was not covered under § 7552, that cost was recoverable under common law trespass. The Law Court disagreed.

Count II

Count II of the second amended complaint appears to seek recovery for revegetation of the portion of the Hills' property where a trespass allegedly occurred. The Law Court's decision in Fuschetti excluded recovery for tree replanting costs under common law trespass. The parties appear to agree, however, that soil restoration costs are recoverable as damages for common law trespass.

---

[1] Even if the statute could somehow be construed to cover regeneration of trees not grown for harvesting purposes, § 7552(3)(B) expressly refers to the cost of regeneration of the "stand." The summary judgment record demonstrates that the trees involved here did not constitute a stand of trees. Plaintiffs are not entitled to dispute this point by offering an affidavit that is inconsistent with Pelletier's deposition testimony. Zip Lube Inc. v. Coastal Savings Bank, 1998 ME 81 ¶10, 709 A.2d 733, 735.

Count III

In the court's view, the Hills may bring suit to enforce the restrictive covenant. The Declaration of Restrictions expressly indicates that lot owners are parties to the Declaration and also states that the Declaration shall inure to the benefit of the purchasers of the lots covered by the Declaration. This is sufficient to allow lot owners to sue to enforce the deed covenants in the Declaration. What relief they may be entitled to if they prevail on this claim remains open for decision.

Plaintiffs' Cross Motion

The court could not initially discern what relief plaintiffs were seeking on their cross motion for summary judgment other than rulings of law favorable to plaintiffs on the disputed legal issues. In their reply memorandum plaintiffs argued for the first time that they were entitled to partial summary judgment as to liability on count II. The court disagrees for two reasons. First, defendants were entitled to know that plaintiffs were seeking partial summary judgment as to liability under count II before they responded to plaintiffs' cross motion. Second, from the summary judgment record the court cannot determine whether defendants in fact dispute the conclusion of the Stantec report that trees were cut on a portion of plaintiffs' land constituting .29 acres or were merely assuming that to be true for purposes of their motion. At this point, plaintiffs' cross motion is denied.

The entry shall be:

Defendants' motion for summary judgment is granted as to plaintiffs' claim for replanting and regeneration costs in Count I of the second amended complaint. Defendants' motion for summary judgment as to count II of the second amended complaint is granted to the extent that plaintiffs' claim for the cost of revegetation is intended to include tree replanting and regeneration. Defendants' motion for summary judgment is denied as to count III of the second amended complaint. Plaintiff's cross motion for summary judgment is denied.

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November _23_, 2009

Thomas D. Warren
Justice, Superior Court

2

DONNA L HILL ET AL VS ERIC HIRSHBERG ET AL
UTN:AOCSsr  -2008-0126387                    CASE #:PORSC-RE-2008-00240
-------------------------------------------------------------------------
SEL VD                          REPRESENTATION TYPE        DATE
01 0000001041 ATTORNEY:LOURIE, DAVID
ADDR:189 SPURWINK AVENUE CAPE ELIZABETH ME 04107
     F FOR:DONNA L HILL                     PL         RTND   11/07/2008
     F FOR:STEPHEN J HILL                   PL         RTND   11/07/2008

02 0000007836 ATTORNEY:MARJERISON, THOMAS
ADDR:415 CONGRESS STREET PO BOX 4600 PORTLAND ME 04112-4600
     F FOR:ERIC HIRSHBERG                   DEF        RTND   12/08/2008
     F FOR:MICHELLE HIRSHBERG               DEF        RTND   12/08/2008




          Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.