STATE OF MAINE                                                SUPERIOR COURT

Sagadahoc, ss.                                               AMH-SAG - 11/3/2010

FRANCIS SOSNOWSKI,

                    Plaintiff

          v.                                    Docket No. SAGSC-CV-09-003


GREGORY C. ROY et als.

                    Defendants


## ORDER ON DEFENDANT'S MOTION IN LIMINE

Defendants have filed a Motion in Limine regarding the availability of a jury

determination on one issue in this statutory claim for timber trespass, brought under 14

M.R.S. § 7552. Specifically, the Defendants seek a determination that they have the right to

a jury trial on the issue of reducing damages for good cause under section 7552(3)(B), which

reads in part, "The court may reduce the damages awarded for good cause shown when the

cutting of trees was done negligently or without fault."

The Defendants point to subsection 7 of section 7552, which reads: "7. Issues of fact.

The court sitting without a jury shall resolve issues of fact arising under subsections 5 and

6." Subsection 5 addresses costs and fees, whereas subsection 6 defines a procedure under

which Defendants may shift liability for costs and attorney fees by making a settlement offer.

Defendants argue that because the statute specifies that factual issues under

subsections 5 and 6 are to be decided by "the court sitting without a jury," it follows that

factual issues arising under other subsections may be decided by either a jury or a judge.

Plaintiff in his response questions the availability of a jury trial at all in section 7552 actions, and in any case argues that when the statute refers to "the court" reducing damages for good cause shown under section 7552(3)(B), it means a judge, and not a jury.

Neither party has brought any relevant legislative history or other extrinsic evidence of legislative intent to the court's attention. Instead, the parties base their arguments on the language of section 7552.

The court agrees with the Defendants' position.

First, it should be noted that jury trials do appear to be available in section 7552 actions. In *Fuschetti v. Murray,* for example, the Law Court noted, without comment, the fact that both the common law and section 7552 claims in that case went to jury trial, albeit not on the precise issue of good cause. 2006 ME 100, 903 A.2d 848. A fair reading of the *Fuschetti* opinion indicates that the Law Court assumed, without expressly deciding, that a jury trial was available on section 7552 claims

Second, the fact that the Legislature decided that "the court sitting without a jury" would decide factual issues regarding attorney fees and costs under subsection 5 and settlement offers under subsection 6, is consistent with practice generally. Judges, not juries, usually decide what costs and attorney fees should be awarded in civil actions, and juries typically do not hear evidence regarding settlement offers, much less make factual determinations about offers of settlement.

The fact that the Legislature deemed it necessary to spell out that only judges made factual determinations regarding such matters suggests that the Legislature believed it was creating an exception to the general rule.

2

Because the issue is not entirely clear, the court anticipates submitting issues to the jury with special interrogatories, to obviate the need for a re-trial if this court's view proves not to stand.

For the reasons stated, Defendants' Motion in Limine is granted. This case will be scheduled for jury trial on all factual issues, except on issues arising under subsections 5 and 6 of section 7552.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this order by reference in the docket.

Dated: 3 Nov. 2010

A. M. Horton
Justice, Superior Court

3