STATE OF MAINE                                  SUPERIOR COURT
LINCOLN, SS                                     CIVIL ACTION
                                                DOCKET NO. RE-2016-030


SHAWN PLUMMER,                        )
                                     )
            Plaintiff,               )
                                     )
v.                                   )
                                     )          **JUDGMENT AFTER**
                                     )          **TRIAL**
                                     )
MILDRED EDWARDS and                  )
RONALD EDWARDS,                      )
                                     )
            Defendants.              )


The Plaintiff filed a four-count amended complaint against the Defendants. Summary Judgment was previously entered for the Defendants on Count II of the Amended Complaint. A trial was held on the remaining counts on October 10 & 11, 2017. Any findings of fact contained in this Judgment are based on the evidence admitted at trial.

At the center of this dispute is the meaning of the term "the westerly side of the Benner Road" as used in the deeds establishing the boundary between the parties' abutting properties.

Count I – Trespassing

The Plaintiff's trespass claim is based on cutting of trees alleged to have been done by, or on behalf of, the Defendants. Based on the admissible evidence presented at trial, the location of said trees, in reference to the property line, is unclear. However, even if the Plaintiff established that the trees in question were located on his property, the Plaintiff has not presented sufficient admissible evidence to establish recoverable damages under this claim. Though the Plaintiff's claim is pled as common law trespass, the Law Court has determined that 14 M.R.S. §7552 "replaces the common law with respect to damages to trees from trespass." *Fuschetti v. Murray*, 2006 ME 100 ¶ 12, 903 A.2d 848, 852. The Plaintiff has failed to present admissible evidence to allow the court to establish damages as recoverable under the statute. Judgment is therefore entered for the Defendants on Count I.

1

<u>Counts III – Declaratory Judgment & Count IV – Quiet Title</u>

The deeds conveying the land to Plaintiff and Defendant Mrs. Edwards use identical language to those in the original deeds from 1967 that divided Mildred Chapman's property. Therefore, it can be presumed that the intent of the deeds to Plaintiff and Defendant Mrs. Edwards were to grant the same land that was intended to be granted in the original 1967 deeds. This is also demonstrated by reference to the original 1967 deeds within Plaintiff's and Defendant Mrs. Edwards's deeds. For this reason, the intent of the original four devisees is transferred into the intent of the deeds to Plaintiff and Defendant Mrs. Edwards. Thus, this Court will interpret the intent of the original four devisees in granting the deeds to Louise Plummer and Ethel Stolte.

Preliminarily, "when a highway survey has not been properly recorded or preserved or the termination and boundaries cannot be ascertained, the board of selectmen or municipal officers of any municipality may use and control for highway purposes 1 1/2 rods on each side of the center of the traveled portion of such way." 23 M.R.S. § 1203. There is no recorded documentation of the town right of way over Benner Road, and therefore, the town's right of way is 3 rods wide, pursuant to the above statute.

A. *Presence of Ambiguity*

When interpreting a deed to determine the intent of the parties, the court must construe the language to give the words their "general and ordinary" meaning, attempting to look only within the "four corners" of the instrument. *Pettee v. Young*, 2001 ME 256, ¶ 8, 783 A.2d 637; *Taylor v. Hanson*, 541 A.2d 155, 157 (Me. 1988). When the language of a deed is reasonably susceptible to two different interpretations, then there is ambiguity. *Friedlander v. Hiram Ricker & Sons, Inc.*, 485 A.2d 965, 972 (Me. 1984). "A latent ambiguity in a deed is created when, in applying the description to the ground, facts extrinsic to the document controvert or in some way render unclear the deed's apparently unambiguous terms." *Taylor*, 541 A.2d at 157 (internal citations omitted). In contrast, a patent ambiguity is one which is visible from within the four corners of a document. *Bourgoin v. Fortier*, 310 A.2d 618, 620 (Me. 1973). Upon the finding of a latent ambiguity, extrinsic evidence is admissible to discern the intent of the parties.

2

*Norton v. Town of Long Island*, 2005 ME 109 ¶¶ 23, 27, 883 A.2d 889; *Hennessey v. Fairley*, 2002 ME 76, ¶ 21, 796 A.2d 41.

In *Wallingford v. Kennedy*, the court examined a deed that referred to a road as a boundary, but when trying to locate the road on the face of the earth, the deed could be referring to one of two routes. 2000 ME 112, ¶¶ 15-16, 753 A.2d 493. In *Rounds v. Ham*, the court analyzed the word "road" as used as a boundary, finding an ambiguity in whether it referred to the traveled way or the road as laid out. 111 Me. 256, 258 (1913). In both cases, latent ambiguities were found and extrinsic evidence was admitted to resolve the ambiguity. Similarly, here, the word "road" here does not appear ambiguous itself within the original deeds. It is not until one attempts to apply "road" to the face of the earth that an issue forms. When trying to physically locate the "road" on the ground, it could refer to either the 3-rod wide right of way or the traveled way. Within the four corners of the original deeds, there is no indication of which version of "road" was intended. Either interpretation of the word is reasonable, as evidenced by this portion of the lawsuit that surrounds this issue. Therefore, it appears that "road" is latently ambiguous and extrinsic evidence should be admitted to resolve the ambiguity and determine the intent of the parties.[1]

B. *Resolving the Ambiguity*

Looking at the extrinsic evidence, the land was originally inherited by four devisees, with the property devised to each roughly outlined in the Will. The four devisees decided to solidify their property lines by creating the four original deeds with more detailed descriptions, including the descriptions and boundaries of the properties at issue in this case. There is no evidence that the devisees were aided in these descriptions by either an attorney or surveyor. There is also no evidence that a highway plan, or a plan of the area including the

---

[1] Several Law Court cases do not distinguish between patent and latent ambiguities. *See Cushing v. State*, 434 A.2d 486, 494 (Me. 1981); *Jordan v. Shea*, 2002 ME 36, ¶ 14, 971 A.2d 116; *see also Norton v. Town of Long Island*, 2004 Me. Super Lexis 173, *10 (discussion of the Law Court's abandonment of latent vs. patent ambiguities) (reversed on other grounds). When the two types of ambiguities are not distinguished, extrinsic evidence is allowed to determine the intent of the parties. Since this is the result generated from a finding of a latent ambiguity, it does not affect the analysis.

devised property, was recorded with the Lincoln County Registry of Deeds at the time the four devisees divided the property in 1967.

With this information, it is reasonable to infer that these four lay persons, dividing property between themselves, would have intended the reference to be to the road as they could see it in 1967, not the road as the town right of way of which they likely would not have known given that there is no evidence of a surveyor, attorney, or plan to inform them as such. In addition, the evidence presented at trial establishes that as of 1967, no action had been taken to establish the location of the town right of way. Additionally, given that other boundaries in the original deeds refer to visible boundary markers such as a stone wall and a utility pole, it is reasonable to infer that the four devisees would have used the westerly side of the road as a visible marker, not the west side of the town's non-visible right of way.

It is the court's judgment, and the court so declares, that when used in the deeds at issue in this case, the term "the westerly side of the Benner Road" means the physical location of the paved road as it existed in 1967. In addition, the court finds that the Defendants have no estate, right, title or interest in property that is inconsistent with the court's finding.

Conclusion

Count I – Judgment for the Defendants.

Count II – Judgment for the Defendants.

Count III – Judgment for the Plaintiff.

Count IV - Judgment for the Plaintiff.

Each party shall be responsible for their own costs.

DATE: January 30, 2018

Daniel I. Billings
Justice, Maine Superior Court

4