Frances **KORNBLUTH** et al.

v.

Jerome S. **KALUR** et al.

Supreme Judicial Court of Maine.

Argued May 29, 1990.
Decided July 25, 1990.

Peggy McGehee (orally), Perkins, Thompson, Hinckley & Keddy, Portland, for plaintiffs.

Eliot Field, Wiscasset, Jerome Kalur (orally), for defendants.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Jerome S. and Emily Kalur appeal from a judgment of the Superior Court (Lincoln County, *Chandler, J.*) finding that Frances and Marvin Kornbluth had acquired an easement by prescription. The only issue we consider is whether the Kornbluths established, by competent evidence, adverse use of the easement for the requisite twenty-year period. Because the court's decision is lacking in that essential element, we vacate the judgment.

The Kornbluths and the Kalurs own abutting pieces of property on Monhegan Island. The Kornbluths purchased their summer cottage in 1974 and began using a shortcut across part of the property that now belongs to the Kalurs. In 1977, the Kalurs' predecessor in title erected a fence along the boundary line and posted no trespassing signs on the fence near the shortcut. Shortly after the Kalurs purchased their property in 1984, they indicated to the Kornbluths, by blocking the shortcut, that they did not want the Kornbluths to continue using the shortcut. The Kornbluths filed a complaint in 1987 requesting an injunction prohibiting the Kalurs from blocking the shortcut and seeking a declaratory judgment regarding a prescriptive easement. The parties agreed to a non-testimonial hearing based on depositions and affidavits. Following oral argument, the court determined that the Kornbluths had established a prescriptive easement over the Kalurs' property. The Kalurs appeal this judgment, arguing that the Kornbluths have not established the required prescriptive use over a period of twenty years because there is no privity of title between the prior users of the easement and the Kornbluths.

A prescriptive easement is established by "continuous use for at least twenty years under a claim of right adverse to the owner, with his knowledge and acquiescence, or by a use so open, notorious, visible and uninterrupted that knowledge and acquiescence will be presumed." *Jost v. Resta,* 536 A.2d 1113, 1114 (Me.1988) (quoting *Dartnell v. Bidwell,* 115 Me. 227, 230, 98 A. 743, 744 (1916)). "The required 20–year prescriptive period may result from the 'tacking' of successive periods of use when privity of title to the dominant estate exists between the users." *Id.* at 1115 n. 1; *see also Restatement of Property* § 464 (1944). In reviewing the court's findings regarding a prescriptive easement, we determine whether there is competent evidence in the record to support the findings. *See Jost,* 536 A.2d at 1115.

The court entered judgment for the Kornbluths based on a factual finding that the shortcut was used for more than twenty years by people visiting the owners of the Kornbluth property. This factual finding is insufficient to support a prescriptive easement in favor of the Kornbluths. No privity of estate exists between the Kornbluths and visitors to the Kornbluths' predecessors in title. The Kornbluths, therefore, cannot add the prior period of use to their own in order to establish the

prescriptive period. Moreover, any ambiguity in the court's decision as to whose use preceeded the Kornbluths' is quickly dispelled by an examination of the record. The one vague reference to use by "owners ... [of] the [c]ottage" is not competent evidence to support a finding of adverse use by the Kornbluths' predecessors in title.

Because the Kornbluths have not established the required adverse use for a period of twenty years, the Superior Court erred when it found a prescriptive easement.

The entry is:

Judgment vacated.

Remanded with instructions to enter judgment for the defendants.

All concurring.