2006 ME 110

**Herbert A. MEHLHORN**

v.

**Stephen W. DERBY et al.**

Supreme Judicial Court of Maine.

Argued: June 12, 2006.
Decided: Sept. 7, 2006.

Aaron K. Baltes (orally), Norman, Hanson & DeTroy, L.L.C., Portland, for plaintiff.

Martica S. Douglas, Christopher B. Ledwick (orally), Douglas, Denham, Buccina & Ernst, P.A., Portland, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CALKINS, J.

[¶ 1] Stephen W. Derby, Joseph Geiermann, and Stanwood Newell appeal from a judgment entered in Superior Court (Cumberland County, *Warren, J.*), ordering them to pay damages to Herbert A. Mehlhorn on both his common law and statutory trespass claims, arising out of the felling of trees on Mehlhorn's property.[1] Derby, Geiermann, and Newell argue that the court erred when it permitted Mehlhorn to recover common law damages based on replacement costs and when it assessed statutory damages against each defendant individually. We vacate the judgment in part and affirm in part.

## I. BACKGROUND

[¶ 2] Mehlhorn owns property on Peaks Island. In May 2001, he discovered that several trees and bushes had been cut down. He sued his neighbors, Derby and Geiermann, for trespassing on his property and sought damages for his destroyed trees and bushes. Mehlhorn also sued Newell, who, he alleged, was hired by Derby and Geiermann to remove several trees.

[¶ 3] Prior to trial, the court heard motions in limine that dealt with the measure of damages for common law and statutory trespass and the evidence that would be

admissible to support the damages. The court ruled that Mehlhorn was entitled to seek both common law and statutory damages and that the replacement costs of the trees was an allowable measure of damages for common law trespass.

[¶ 4] A three-day jury trial was held, and the court submitted several written questions for the jury to answer. The jury concluded that the survey done by Mehlhorn's surveyor accurately depicted the boundary line between Mehlhorn's property and the property owned by Derby and Geiermann. The verdict awarded $8000 in damages to Mehlhorn for the cost of replanting the lost trees. The jury found that Derby, Geiermann, and Newell did not know that the trees and bushes were on Mehlhorn's property.

[¶ 5] The court issued a judgment for Mehlhorn that included the $8000 in common law trespass damages against the three defendants jointly and severally, as well as statutory damages pursuant to 14 M.R.S. § 7552(4)(A) (2005) in the amount of $250 against each of the three defendants individually. The court denied the defendants' post-trial motion for judgment as a matter of law, in which the defendants argued that replacement costs are not allowable damages for either common law or statutory trespass.[2]

[¶ 6] Derby, Geiermann, and Newell noticed their appeal. They did not obtain a trial transcript nor did they seek factual findings from the trial court regarding the imposition of statutory damages.

1. Although Mehlhorn originally filed a cross-appeal, he dismissed it.

2. Mehlhorn filed a copy of the judgment with the Cumberland County Registry of Deeds, and Derby and Geiermann moved to dissolve the post-judgment attachment. The court denied the motion, and Derby and Geiermann have appealed the denial, even though the court subsequently granted their second motion to dissolve the attachment. Because the denial of their first motion to dissolve the attachment appears to have no continuing effect or vitality, we decline to reach the issue.

## II. DISCUSSION

■ [¶ 7] Because the $8000 verdict for Mehlhorn was based on his common law claim, the primary issue argued by the parties is whether a landowner is entitled to common law damages for injury to trees or whether 14 M.R.S. § 7552 (2005) provides the exclusive remedy. We ruled in *Fuschetti v. Murray,* 2006 ME 100, ¶ 12, 903 A.2d 848, 852, a case argued the same day as this case, that section 7552 "replaces the common law with respect to damage to trees from a trespass." Because the $8000 in damages awarded to Mehlhorn was based on his common law claim, we vacate that award.

[¶ 8] The other damages issue raised by Derby, Geiermann, and Newell concerns the court's assessment of the statutory damages against each of them individually. The statute provides that a person who negligently cuts trees on another's property, "is liable to the owner for 2 times the owner's damages as measured under subsection 3 or $250, whichever is greater." 14 M.R.S. § 7552(4)(A). The court ordered each defendant to pay damages of $250 individually.[3]

■ [¶ 9] Derby, Geiermann, and Newell ask us to clarify section 7552(4)(A), and their sole argument as to why the court erred in imposing individual damages against each of them is that "[t]here is no rational basis for multiplying damages by the number of defendants." They do not elaborate on this argument, and they do not cite to any authorities. Further, as we noted above, they have not provided a transcript, and they did not request findings from the trial court regarding the impositions of the statutory damages.

[¶ 10] The issue of whether section 7552(4)(A) authorizes individual damages, as opposed to damages awarded against several defendants jointly and severally, is complex. The federal courts of appeals are divided on whether a federal statute with language similar to section 7552(4)(A) is intended to impose joint and several liability or individual and separate liability.[4] *Compare Rice v. Gustavel,* 891 F.2d 594 (6th Cir.1989), *with Ferris v. Haymore,* 967 F.2d 946 (4th Cir.1992). There are no Maine cases that we have been able to find that examine the issue of joint and several liability versus individual and separate liability for statutory damages. Although the general rule in Maine is that joint tortfeasors are jointly and severally liable, *see* 14 M.R.S. § 156 (2005), we do not have the factual background to understand whether the three defendants here were, in fact, joint tortfeasors.[5] Whether the statutory damages are purely remedial or whether they are punitive would also have bearing on the issue, and that classification itself is not readily apparent. *See Shrader–Miller v. Miller,* 2004 ME 117, ¶¶ 25–26, 855 A.2d 1139, 1146 (assuming that if damages pursuant to section 7552(4)(B) are punitive, additional punitive damages for the same acts would be prohibited).

■ [¶ 11] Derby, Geiermann, and Newell primarily focused their appeal on the

---

3. Without a transcript or findings, we assume that the evidence supports the court's implicit finding that Mehlhorn's damages under 14 M.R.S. § 7552(3) (2005), even when doubled, were less than $250.

4. The federal odometer statute "imposes treble damage liability on '[a]ny person who, with intent to defraud, violates any requirement imposed under this subchapter.'" *Fer-*

*ris v. Haymore,* 967 F.2d 946, 955 (4th Cir. 1992) (quoting 15 U.S.C. § 1989(a)).

5. It is difficult to conclude that the trial court made an implicit finding that the three defendants were not joint tortfeasors because the court also imposed the common law damages on the defendants jointly and severally.

common law trespass issue, and they made only a brief mention of the statutory damages issue. Because they have neither supplied argument nor suggested a rationale in support of their position that the court erred in imposing the statutory damages separately on each of them, we decline to reach the issue. We will apply the "settled appellate rule" enunciated by the First Circuit Court of Appeals that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." [6] *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990). An issue that is barely mentioned in a brief is in the same category as an issue not mentioned at all. *See Holland v. Sebunya*, 2000 ME 160, ¶ 9 n. 6, 759 A.2d 205, 209. Therefore, we affirm the court's imposition of statutory damages.

The entry is:

Judgment of $8000 plus interest on the common law trespass claim vacated. Judgment affirmed in all other respects.

---

**6.** The First Circuit went on to state:
It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. . . . a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.
*United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990) (internal quotation marks omitted).