

STATE OF MAINE
ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AUBSC-RE-15-90

RECEIVED & FILED

APR 27 2017

ANDROSCOGGIN
SUPERIOR COURT

MARGARET LECLERC,

and

MARGARET LECLERC, Personal
Representative of the Estate of
Malcolm L. Casey

        Plaintiffs,

v.

WARREN SMITH,
ANGELA SMITH, SCOTT WARD,
and CLAYTON TIBBETTS,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON PLAINTIFF'S
MOTION TO RECONSIDER AND
DEFENDANTS WARREN AND
ANGELA SMITH'S MOTION FOR
PARTIAL JUDGMENT ON THE
PLEADINGS

Presently before the court are (1) Plaintiff's motion to reconsider the court's order granting Defendants Warren and Angela Smith's motion for partial summary judgment and (2) the Smiths' motion for partial judgment on the pleadings.[2] Based on the following, Plaintiff's motion is denied and the Smiths' motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff alleges that, beginning in 2012, the Smiths directed Defendant Tibbetts to cut timber on the Smiths' property, and the harvest encroached significantly on Plaintiff's abutting property. Plaintiff further alleges that the Smiths covered the harvested area with fill and had a drainage and wetland ditch filled and graded. At the time of the Smiths' alleged trespass, Plaintiff was the personal representative of her

---

[1] Although Plaintiff captions her motion as a motion to alter or amend the judgment, the court treats the motion as a motion to reconsider. *See* M.R. Civ. P. 7(b)(5), 59(e).

[2] Although the Smiths caption their motion as a motion to dismiss, the court treats the motion as one for partial judgment on the pleadings because the Smiths filed their motion after they filed an answer to Plaintiff's amended complaint. *See* M.R. Civ. P. 12(b), 12(c).

father's estate, which owned the property Plaintiff now owns. Plaintiff acquired title to the property on January 17, 2014, almost seven months after the Smiths conveyed their property to Defendant Ward on June 24, 2013.

Plaintiff filed a complaint in her individual capacity on November 18, 2015. In the complaint, Plaintiff alleged: count I, common law trespass; count II, intentional trespass, 14 M.R.S. § 7552; count III, negligent trespass, 14 M.R.S. § 7552; and count IV, trespass damages, 14 M.R.S. § 7551-B.

On December 7, 2016, the court granted the Smiths' motion for partial summary judgment. In the order, the court determined that Plaintiff had standing to pursue her claims against the Smiths in her capacity as personal representative of her father's estate, but not in her individual capacity. This conclusion was based on the fact that Plaintiff was the personal representative in 2012, and Plaintiff had not raised a genuine issue as to whether the Smiths continued to trespass after she acquired title 2014.

In the December 7, 2016 order, the court also granted Plaintiff's motion to amend her complaint. Plaintiff's amended complaint brings the same counts as her original complaint, but adds Ms. LeClerc as a Plaintiff in her capacity as personal representative.

Plaintiff filed her motion to reconsider on December 21, 2016. The Smiths opposed the motion on January 11, 2017 and filed their motion for partial judgment on the pleadings on January 17, 2017. Plaintiff opposed the motion on February 10, 2017. The Smiths replied on February 17, 2017.

## II. DISCUSSION

### A. Motion to Reconsider

#### a. Standard of Review

"Motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error, omission or new material that could not

previously have been presented." M.R. Civ. P. 7(b)(5). The court treats a motion for reconsideration as a motion to alter or amend the judgment. M.R. Civ. P. 59(e). The court does not grant a motion to alter or amend the judgment "unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Cates v. Farrington*, 423 A.2d 539, 541 (Me. 1980).

### b. Analysis

Plaintiff argues that she has standing to pursue claims against the Smiths in her individual capacity because (1) she is entitled to "tack" the time during which she was personal representative with the time during which she has owned the property, (2) trespass claims run with the land, and (3) she has held an equitable interest in the property since her father's death in 2011, at which time the property devolved to her as sole devisee of her father's will. (Pl.'s Mot. Recons. 2-4.)

Plaintiff cites no authority that supports her view that tacking, a concept usually applicable to adverse possession and prescriptive easement actions, applies to trespass actions. *See, e.g., Almeder v. Town of Kennebunkport*, 2014 ME 139, ¶ 29 n.18, 106 A.3d 1099; *Kornbluth v. Kalur*, 577 A.2d 1194, 1195 (Me. 1990).

Although a plaintiff may bring a trespass action regarding a trespass that began before the plaintiff acquired her interest in the property, that analysis turns on whether the trespass is continuing, i.e., whether it is abatable. *Jacques v. Pioneer Plastics, Inc.*, 676 A.2d 504, 507-08 (Me. 1996). Although abatability is a question of fact, Plaintiff's statement of material facts does not raise a genuine issue as to whether the Smiths' alleged trespass is abatable. (Pl.'s Addt'l S.M.F. ¶ 4; Pl.'s Dep. 56:22-57:8; 70:8-71:3); *see Jacques*, 676 A.2d at 508 (plaintiffs generated issue of fact as to abatability by producing DEP compliance order requiring option of removal in remediation study).

Plaintiff's argument that she held an equitable interest is based on section 3-101 of Maine's Probate Code, which provides: "Upon the death of a person, his real and personal property devolves to the persons to whom it is devised by his last will … subject to … administration." 18-A M.R.S. § 3-101 (2016). Plaintiff cites no persuasive authority for the proposition that this statute grants her an equitable interest sufficient to give her standing to pursue her claims against the Smiths in an individual capacity.

## B. Motion for Partial Judgment on the Pleadings

### a. Standard of Review

A defendant's motion for judgment on the pleadings is generally treated as the equivalent of a motion to dismiss for failure to state a claim. *MacKerron v. MacKerron*, 571 A.2d 810, 813 (Me. 1990). "[T]he court resolves a defense motion for judgment on the pleadings by assuming that the factual allegations are true, examining the complaint in the light most favorable to plaintiff, and ascertaining 'whether the complaint alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory.'" *Cunningham v. Haza*, 538 A.2d 265, 267 (Mc. 1988) (quoting *Robinson v. Washington Cnty.*, 529 A.2d 1357, 1359 (Me. 1987)).

### b. Analysis

The Smiths ask the court to dismiss (1) Plaintiff's request for damages related to the alleged tree cutting in count I, her common law trespass claim, because damages for tree cutting are allowed only in statutory trespass claims, (2) Plaintiff's request for attorney's fees in count I because no statutory or contractual provision provides for an award of attorney's fees, and (3) Plaintiff's request for costs related to tree regeneration in counts II and III, her statutory trespass claims, because the version of the statute in effect during the alleged trespass in 2012 did not allow for recovery of such costs. (Defs.' Mot. J. Pleadings 2-4.)

### 1. Count I

Plaintiff concedes that she cannot recover damages for the alleged tree cutting under both her common law and statutory trespass claims. (Pl.'s Opp'n to Defs.' Mot. J. Pleadings 3); *see Fuschetti v. Murray*, 2006 ME 100, ¶¶ 13-14, 903 A.2d 848 ("There are no cases in which we have upheld the recovery of both statutory and common law trespass damages for the same tree damage."); *Woodworth v. Gaddis*, 2012 ME 138, ¶ 8, 58 A.3d 1109 ("14 M.R.S. § 7552 replaces the common law with respect to damage to trees from a trespass.") (footnote and internal quotation marks omitted).

With regard to Plaintiff's request for attorney's fees, the court has authority to award attorney's fees based on: "(1) a contractual agreement between the parties; (2) a specific statutory authorization; or (3) the court's inherent authority to sanction serious misconduct in a judicial proceeding." *Truman v. Browne*, 2001 ME 182, ¶ 13, 788 A.2d 168. Although there is no contract or statute authorizing an award of attorney's fees under count I, it would be premature to preclude the court's authority to sanction misconduct in the unlikely event such a sanction becomes necessary.

### 2. Counts II and III

The version of 14 M.R.S. § 7552 in effect in 2012 provides in part: "For lost trees, the owner may claim in lieu of market value the forfeiture amounts determined in Title 17, section 2510, subsections 2 and 3. In addition, the owner's damages may include the costs for regeneration of the stand in accordance with Title 12, section 8869." 14 M.R.S. § 7552(3)(B) (2012). According to the statute's plain language, costs related to tree regeneration were available in 2012.[3] The Smiths argue that the allowance for damages

---

[3] The Smiths rely on *Fuschetti* to argue that the 2012 version of 14 M.R.S. § 7552 did not allow for the recovery of regeneration costs. (Def's' Reply to Pl.'s Opp. 3; *Fuschetti v. Murray*, 2006 ME 100, ¶ 10, 903 A.2d 848). But, the Law Court's denial of regeneration damages only applied to the facts in *Fuschetti*, and was never cited as a per se rule. *Id.* ¶ 3.

for regeneration costs pursuant to the 2012 version of 14 M.R.S. § 7552(3)(B) only applied to commercial tree species. This is not a new matter raised in Plaintiff's opposing memorandum. M.R. Civ. P. 7(e). Furthermore, examining the complaint in the light most favorable to Plaintiff, Plaintiff claims that the Smiths engaged Defendant Clayton Tibbetts to remove "timber" from the property, leaving the question open as to whether the property removed was, to some extent, comprised of commercial trees.[*] *See Woodworth v. Gaddis*, 2012 ME 138, ¶ 1, 58 A.3d 1109 (where the Court upheld regeneration cost damages for unauthorized "timber" harvesting under 14 M.R.S. § 7552(3)(B)) (quotation marks added); *See Sanseverino v. Gregor*, 2011 ME 8, ¶ 1, 10 A.3d 375 (where the court enjoined *timber* cutting operations because they violated a restrictive covenant explicitly disallowing "*commercial* or business activity") (emphasis added.) In addition, Plaintiff claims that a Maine Forest Ranger investigated her report of the alleged timber harvest trespass, and that she hired a professional forester to calculate the timber trespass damages. *See Woodworth*, 2012 ME 138, ¶ 10, 58 A.3d 1109 (where the Court upheld regeneration cost damages, in part, because of competent evidence from a Forest Ranger for the regeneration cost calculation.)

## III. CONCLUSION

Plaintiff's motion to reconsider is denied. The Smiths' motion for partial judgment on the pleadings is granted in part and denied in part. Damages for the alleged tree cutting are available under Plaintiff's statutory claims only. Plaintiff may pursue costs for tree regeneration under her statutory claims. The court declines to preclude its authority to award attorney's fees at this early stage in the litigation.

---

[*] "That sort of wood proper and suitable to be used for the construction of buildings, furniture, ships, etc." *Ballentine's Law Dictionary* (2010), *available at* Lexis Nexis BALLENTINE'S.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 4/27/17

Mary Gay Kennedy
Justice, Superior Court

MARGARET LECLERC - PLAINTIFF

Attorney for: MARGARET LECLERC
L CLINTON BOOTHBY - RETAINED 11/18/2015
BOOTHBY PERRY LLC
22 SCHOOL HOUSE HILL RD 105
PO BOX 216
TURNER ME 04282


v.

WARREN S SMITH - DEFENDANT

Attorney for: WARREN S SMITH
WENDELL LARGE - RETAINED 12/16/2015
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS STREET
PO BOX 9545
PORTLAND ME 04112-9545


ANGELA M SMITH - DEFENDANT

Attorney for: ANGELA M SMITH
WENDELL LARGE - RETAINED 12/16/2015
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS STREET
PO BOX 9545
PORTLAND ME 04112-9545


SCOTT E WARD - DEFENDANT

Attorney for: SCOTT E WARD
MICHELLE ALLOTT - RETAINED 12/09/2015
FARRIS LAW PA
6 CENTRAL MAINE CROSSING

GARDINER ME 04345-0120

Attorney for: SCOTT E WARD
J WILLIAM DRUARY JR - RETAINED 05/23/2016
MARDEN DUBORD BERNIER & STEVENS PA LLP
44 ELM STREET
PO BOX 708
WATERVILLE ME 04901


CLAYTON TIBBETTS - DEFENDANT

Filing Document: COMPLAINT Minor Case Type:  TRESPASS
Filing Date: 11/18/2015

## Docket Events:

11/18/2015 FILING DOCUMENT - COMPLAINT FILED ON 11/18/2015


11/18/2015 Party(s):  MARGARET LECLERC
          ATTORNEY - RETAINED ENTERED ON 11/18/2015

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-RE-2015-00090


**DOCKET RECORD**