STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & COUNSUMER DOCKET
DOCKET NO. BCD-CV-18-28

RONALD F. BARRIAULT,

    Plaintiff,

v.

DENRON, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)

ORDER ON DENNIS A. BARRIAULT'S
VERIFIED MOTION FOR JOINDER
AND FOR RELIEF FROM JUDGMENT

This matter comes before the Court on Movant Dennis A. Barriault's verified motion for joinder and for relief from judgment brought pursuant to M.R. Civ. P. 19(a)[1] and 60(b). Plaintiff Ronald Barriault and Defendant Denron, Inc. both oppose the motion. The Court heard oral argument on the motion on August 6. Ronald Lebel, Esq. appeared on behalf of Dennis;[2] Kurt Olafsen, Esq. appeared for Plaintiff Ronald; and Timothy Bryant, Esq. appeared for Denron.

## BACKGROUND

Ronald and Dennis are brothers who are also officers of Denron: Ronald is the president of Denron and Dennis is its treasurer. (Mot. Joinder & Relief ¶¶ 1-6; Consent Judgment ¶ 3.) Denron maintained an operating business checking account with Androscoggin Bank, account ending #5168, in its name; Denron deposited all its income into this account. (Mot. Joinder & Relief ¶ 9.) On October 13, 2016, without the knowledge or consent of Dennis, Ronald withdrew

---

[1] Although captioned as being brought pursuant to M.R. Civ. P. 19, 20, and 21, Dennis's memorandum of law in support of his motion addresses only M.R. Civ. P. 19(a). At the oral argument Dennis likewise grounded his argument for joinder exclusively in Rule 19(a). *See Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290 (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)) ("Because they have neither supplied argument nor suggested a rationale in support of their position . . . we decline to reach the issue.").

[2] Because the two individual parties share the same last name, the Court refers to them both by their first names throughout this Order.

1

$400,000 from the Denron account and deposited the money in a joint account in Denron and Ronald's name at the Androscoggin Bank, account number ending in #3659. (Mot. Joinder & Relief ¶ 10; Exs. 1, 2A.) On November 9, 2016, Ronald filed his Complaint against Denron commencing the instant lawsuit. (Mot. Joinder & Relief ¶ 16.) Dennis claims that many of the allegations contained in that Complaint were false and that Ronald knew of their falsity when he signed the Complaint. (Mot. Joinder & Relief ¶¶ 17-18, 24.)

Neither Ronald nor his attorney provided Dennis with notice of this proceeding. (Mot. Joinder & Relief ¶ 27.) Sometime prior to November 8, 2016, Ronald retained Timothy Bryant, Esq., as legal counsel to Denron. (Mot. Joinder & Relief ¶ 29.) Sometime prior to November 8, 2016, Ronald directed Mr. Bryant to file an Answer on behalf of Denron that admitted the material allegations in the Complaint. (Mot. Joinder & Relief ¶ 30.) Sometime prior to November 10, 2016, Ronald directed Mr. Bryant to consent to a judgment in Ronald's favor and against Denron in this proceeding. (Mot. Joinder & Relief ¶ 31.) The consent judgment procured by Ronald permits him alone to issue additional distributions from the assets of Denron as frequently as quarterly in amounts up to $400,000. (Consent Judgment ¶¶ 8-9.)

## STANDARD OF REVIEW

When interpreting the Maine Rules of Civil Procedure, a court looks to the plain language of the rule to determine its meaning. *Gauthier v. Gerrish*, 2015 ME 60, ¶ 9, 116 A.3d 461. In relevant part, M.R. Civ. P. 19(a) states:

> A person who is subject to service of process shall be joined as a party in the action if . . . the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect that interest . . . . If the person has not been so joined, the court shall order that the person be made a party.

2

M.R. Civ. P. 19(a)(2)(i). The Rule's "aim is perhaps best summed up by the statement that it 'protects unjoined but interested parties by assuring that their interests will not be prejudiced without their participation and it protects active parties by assuring that issues will not have to be relitigated.'" 2 Harvey & Merritt, *Maine Civil Practice* § 19:1 at 558 (3d, 2011 ed.) (quoting *Ocwen Fed. Bank v. Gile*, 2001 ME 120, ¶ 14, 777 A.2d 275). A court's interpretation of a Maine Rule of Civil Procedure is subject to de novo review on appeal. *Gauthier*, 2015 ME 60, ¶ 9, 116 A.3d 461.

## DISCUSSION

At the oral argument, Dennis agreed that the motion for joinder must be considered before ruling on the motion for relief from judgment because Rule 60(b) expressly limits relief from judgment to parties to that judgment. *See* M.R. Civ. P. 60(b). However, Dennis was unable to bring to the Court's attention any precedent for the procedure he requested; that is, joinder of a party to an action pursuant to M.R. Civ. P. 19(a) after the entry of final judgment in order to allow that party to bring a motion for relief from judgment under Rule 60(b). The Court need not decide whether such a procedure is allowable as a general rule because Dennis is not a necessary party under M.R. Civ. P. 19(a).[1]

Dennis claims that joinder is required because he "was an indispensable party," as he "claims an interest relating to the subject matter of Ronald's Complaint . . . ." (Mot. Joinder & Relief ¶¶ 25-26.) However, Dennis never identifies that interest. At the oral argument, Dennis

---

[1] Although in their briefs and at oral argument the parties framed the issue as whether Dennis was an "indispensable" party, the inquiry under Rule 19(a) is whether a party is "necessary." *See* 2 Harvey & Merritt, *Maine Civil Practice* § 19:1 at 559 (3d, 2011 ed.) ("Such a party [who meets the requirements of M.R. Civ. P. 19(a)], to borrow the terminology of earlier cases, is at least 'necessary,' . . . If a necessary party cannot be served with process, the court must then determine under Rule 19(b) . . . whether he is 'indispensable' in the sense that the suit cannot proceed without him.").

suggested that his status as 50% owner, board member, and treasurer renders him an indispensable party under Rule 19(a). The question of whether a board member of a corporation is a necessary party under Rule 19(a) in an action against the corporation is undecided under Maine law. The weight of authority supports the conclusion that he is not. *See Whittemore v. Cont'l Mills*, 98 F. Supp. 387, 394 (D. Me. 1951); *Pioneer Capital Corp. v. Environamics Corp.*, No. 02-217-P-C, 2003 U.S. Dist. LEXIS 2229, at *10-11 (D. Me. Feb. 14, 2003). *But see Guitard v. Gorham Sav. Bank*, No. CV-00-326, 2002 Me. Super. LEXIS 82, *7 n.4 (Apr. 9, 2002).

More to the point, Dennis's claim that he "is so situated that a disposition of the action in his absence impairs and impedes his ability to protect that interest within the meaning of M.R. Civ. P. 19(a)" lacks any supporting argument. *See* M.R. Civ. P. 19(a)(2)(i). (Mot. Joinder & Relief ¶ 26.) Dennis's motion merely recites the language of M.R. Civ. P. 19(a)(2). Dennis fails to explain why his absence impedes his ability to protect whatever his unidentified "interest" in the litigation may be. The circumstances of this case indicate that Dennis would not have been able to maintain such an argument.

Dennis's interest cannot be a financial one. At the oral argument, the parties' attorneys confirmed that Dennis received his 50% share of the disbursement that Ronald unilaterally declared and then attempted to legitimize in this lawsuit. The fact that Dennis received his share of the disbursement belies the proposition that he "is so situated that the disposition of the action in [his] absence may . . . as a practical matter impair or impede [his] ability to protect [his] interest" in that money. *See* M.R. Civ. P. 19(a)(2)(i). At the oral argument, Dennis effectively conceded that his interest in this litigation boils down to Ronald's alleged fraud and breach of fiduciary duty to Denron and Dennis by making the challenged disbursement and then prosecuting/ defending this

4

lawsuit. That interest can be protected through an action[*] against Ronald for breach of fiduciary duty. Dennis has in fact already brought a complaint for judicial dissolution of Denron under 13C M.R.S. § 143 based on Ronald's actions in this lawsuit: *Barriault v. Denron, Inc. et al.*, BCD-CV-17-39. In that case, Dennis alleges that Ronald breached his fiduciary duties to Dennis and Denron; this lawsuit and Ronald's maneuvering to obtain a consent judgment herein make up most the factual allegations pled in that other action. (*See* Amended Compl. ¶ 4 in *Barriault v. Denron, Inc. et al.*, BCD-CV-17-39.) In the consolidated case of *Barriault v. Barriault, et al.*, BCD-CV-17-54, Dennis brings a Counterclaim against Ronald in which he seeks damages for Ronald's alleged breach of fiduciary duty arising out of the same factual allegations. (*See* Def's Countercl. ¶¶ 9-11, 20-30, 42-44 in *Barriault v. Barriault, et al.*, BCD-CV-17-54.) The Court therefore concludes that even if Dennis has "claimed an interest relating to the subject of the action" based on his status as 50% owner, board member, and treasurer of Denron, the circumstances of this case and the companion lawsuit filed by Dennis show that he is not so situated that the disposition of this action in his absence as a practical matter impaired or impeded his ability to protect that interest. *See* M.R. Civ. P. 19(a)(2)(i).

In sum, this case does not present a situation where the Court would consider the novel procedure urged by Dennis to join him as a party under M.R. Civ. P. 19(a) in order to allow him to bring a motion for relief from judgment under M.R. Civ. P. 60(b) because Dennis is not a necessary party under Rule 19(a). As a non-party Dennis is foreclosed from bringing a Rule 60(b) motion in this case.

---

[*] At the oral argument, Dennis argued that even if he concededly had a cause of action against Ronald that Denron's rights could only be protected through Dennis's being joined in this lawsuit. However, as pointed out by Denron's counsel, Dennis could bring a derivative action against Ronald on behalf of Denron, although Dennis personally would not have much to gain in such an action as he is the only other shareholder of Denron and has already received half of the disbursement of which Dennis complains.

## CONCLUSION

Based on the foregoing it is hereby ordered:

That non-party Movant Dennis A. Barriault's verified motion for joinder and for relief from judgment is DENIED.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: 8/31/18

M. Michaela Murphy
Justice, Business and Consumer Court

Entered on the Docket: 8/31/18
Copies sent via Mail___ Electronically ✓

6